UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| REBECCA L. VON LINGER, ) | |
| ) | |
| Plaintiff, ) | CAUSE NO. 11-cv-2001 |
| ) | |
| v. ) | Judge Harold A. Baker |
| ) | Magistrate Judge David G. Bernthal |
| KIK CUSTOM PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Defendant KIK Custom Products, Inc. ("KIK"), by and through its attorneys, McGuireWoods LLP, for its answers to Plaintiff's first set of interrogatories hereby states as follows:

**INTERROGATORY NO. 1:** Identify the name and job title of each and every individual who was consulted and/or assisted in the preparation of these Interrogatories and for each such individual specify for which Interrogatory they were consulted and/or provided assistance.

**ANSWER:** Theresa Cassem, Human Resources Generalist, reviewed and verified KIK's Defendant's answers to all of Plaintiff's interrogatories. Defendant's answer to Interrogatory Nos. 9 and 13 identify the individuals who communicated with Plaintiff regarding her absences in September 2009, Defendant's answer to Interrogatory No. 15 identifies the individuals involved in the decision to terminate Plaintiff's employment, and Defendant's Rule 26 disclosures identify individuals with knowledge of the facts supporting Defendant's defenses. Beyond that, objection: the names and job titles of each and every individual that Defendant's counsel chose to consult regarding the preparation of these interrogatory answers, which reflects

1

Exhibit 1

Defendant's counsel mental impressions as to which individuals may have knowledge related to these interrogatories, is protected from disclosure by the work product doctrine.

**INTERROGATORY NO. 2:** Is KIK International LLC registered to do business in Illinois?

**ANSWER:** KIK has stipulated that KIK Custom Products, Inc. is the proper Defendant in this case. KIK therefore objects to this interrogatory because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:** Has KIK International LLC filed any paperwork, corporate registration or otherwise, with the Illinois Secretary of State?

**ANSWER:** KIK has stipulated that KIK Custom Products, Inc. is the proper Defendant in this case. KIK therefore objects to this interrogatory because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 4:** State the factual basis for claiming Plaintiff should have named KIK International LLC as the defendant in this action as opposed to KIK Custom Products, Inc.

**ANSWER:** KIK has stipulated that KIK Custom Products, Inc. is the proper Defendant in this case. KIK therefore objects to this interrogatory because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 5:** State with particularity, including any and all supporting facts, why Plaintiff's employment was terminated and identify the date upon which the decision was made to terminate Plaintiff's employment.

**ANSWER:** Plaintiff's employment was terminated for violating the attendance policy in the operative Collective Bargaining Agreement ("CBA") in two different respects. First, the CBA attendance policy specifies that two No-Call/No-Shows within a twelve month period will result in "automatic termination," and Plaintiff No-Call/No-Showed on January 16, 2009 and September 19, 2009. Second, the CBA attendance policy contains a progressive discipline

policy based upon "points" under which the penalty for accumulating 14 attendance points is the termination of employment. Plaintiff accumulated at least 14 attendance points, a total that did not include points for leaving work early on September 11, 2009, or her absences from work on September 17, 18 or 19, 2009. The decision to terminate Plaintiff's employment was made on September 25, 2009. Documentation of Plaintiff's No-Call/No-Shows on January 16, 2009 and September 19, 2009, her accumulation of attendance points, and the date of her termination is contained in Appendix A to KIK's document production. See also KIK's answer to Interrogatory No. 6.

**INTERROGATORY NO. 6:** If Plaintiff's employment was terminated based upon a violation(s) of any attendance policy/policies maintained and/or utilized by Defendant, identify with specificity each and every violation(s) of such attendance policy/policies by Plaintiff, including the date(s) of each and every violation(s).

**ANSWER:** See KIK's answer to Interrogatory No. 5. Plaintiff's employment was terminated based on her violations of the CBA attendance policy, which is contained in Appendix D to KIK's document production. Plaintiff accumulated attendance points on the following dates for the following reasons, which resulted in the termination of her employment (Plaintiff accumulated numerous other attendance points throughout her employment, as shown in the documents contained in Appendix A to KIK's document production):

| Date | Points Assessed | Description |
|---|---|---|
| 9/19/09 | -- | No-Call / No-Show |
| 9/16/09 | 2 | Left Early |
| 9/2/09 | 2 | Unexcused Absence |
| 7/26/09 | 2 | Left Early |
| 7/16/09 | 2 | Called in Sick, No Documentation Provided |

3

| | | |
|---|---|---|
| 5/29/09 | 2 | Left Early |
| 3/19/09 | 1 | Left Early |
| 2/21/09 | 1 | Left Early |
| 2/18/09 | 1 | Left Early |
| 1/16/09 | -- | No-Call / No-Show |
| 10/28/08 | 1 | Left Early |
| 9/27/08 | 2 | Called in Sick, No Documentation Provided |

Documentation of these attendance points, and of the progressive discipline Plaintiff received for attendance issues, is contained in Appendix A to KIK's document production.

**INTERROGATORY NO. 7:** List each and every piece of documentation relating in any way to the FMLA, including FMLA certification paperwork, FMLA designation notices, and FMLA eligibility notices, Defendant provided to Plaintiff in or after September 2009 as well as the date upon which each such document(s) was/were provided to Plaintiff.

**ANSWER:** Plaintiff did not request FMLA leave on or after September 2009, so FMLA documentation was not provided to Plaintiff on or after September 2009. Documentation relating to Plaintiff's alleged medical condition(s) in September 2009 is contained in Appendix C to KIK's document production.

**INTERROGATORY NO. 8:** List each and every request for FMLA certification made by Defendant to Plaintiff including, but not limited to, the format of the request (written, oral, etc.), the date(s) upon which the request was made, and the identity of the individual(s) who made the request.

**ANSWER:** Plaintiff never requested FMLA leave, so no request for FMLA certification was ever made to Plaintiff. Documentation relating to Plaintiff's alleged medical condition(s) during her employment with KIK is contained in Appendix C to KIK's document production.

4

**INTERROGATORY NO. 9:** State whether Defendant gave Plaintiff notice that she was required to provide medical certification pursuant to the FMLA with respect to her absences from work in September 2009 and, if so, state the date(s) upon which such notice was provided, the method via which the notice was provided (written, oral, etc.), and identify the individual(s) who provided the notices to Plaintiff.

**ANSWER:** Plaintiff did not request FMLA leave with respect to her absences from work in September 2009, so Plaintiff was not given notice that she was required to provide medical certification pursuant to the FMLA with respect to her absences from work due to an alleged medical condition in September 2009. KIK did provide Plaintiff with verbal notice that Plaintiff was required to provide medical documentation to substantiate the reason for Plaintiff's absences from work on September 11, 17, 18, and 19, 2009. This notice was provided by Linda Rayburn and Theresa Cassem, and the dates on which that notice was provided may be determined by examining documents contained in Appendix A to KIK's document production. The medical documentation provided by Plaintiff in response to that notice is contained in Appendix C to KIK's document production. Defendant excused Plaintiff's absences on September 11, 17, 18 and 19, 2011 based on the medical documentation she ultimately provided.

**INTERROGATORY NO. 10:** If an affirmative answer was not given in response to Interrogatory No. 9 above, state with specificity the reason(s) why Plaintiff was not provided notice that she was required to provide medication certification pursuant to the FMLA with respect to her absences from work in September 2009.

**ANSWER:** Plaintiff was not provided notice that she was required to provide medical certification pursuant to the FMLA with respect to her absences from work in September 2009 because she did not request FMLA leave for any absences from work in September 2009. As stated in Defendant's answer to Interrogatory No. 9, Plaintiff was notified that she was required to provide medical documentation to substantiate the reason for her absences from work on September 11, 17, 18, and 19, 2011. Defendant excused Plaintiff's absences on September 11, 17, 18 and 19, 2011 based on the medical documentation she ultimately provided.

5

**INTERROGATORY NO. 11:** If an affirmative answer was given in response to Interrogatory No. 9 above, state whether Defendant advised Plaintiff of the anticipated consequences of failing to provide adequate medical certification pursuant to the FMLA to Defendant with respect to her absences from work in September 2009 and, if so, state the date(s) upon which such information was provided, the method via which the information was provided (written, oral, etc.), and identify the individual(s) who provided the information to Plaintiff.

**ANSWER:** See Defendant's answer to Interrogatory No. 9.

**INTERROGATORY NO. 12:** Does Defendant contend that Plaintiff's absences from work in September 2009 and/or the duration of Plaintiff's absences from work in September 2009 were not appropriate for purposes of the FMLA? If so, state with specificity the basis for said contention.

**ANSWER:** Yes. Plaintiff's alleged medical condition did not rise to the level of a "serious health condition" under the FMLA, as demonstrated by the medical documentation Plaintiff provided, which is contained in Appendix C to KIK's document production. Nevertheless, Defendant excused Plaintiff's absences on September 11, 17, 18 and 19, 2011 based on the medical documentation she ultimately provided.

**INTERROGATORY NO. 13:** Did Defendant request that Plaintiff provide any additional medical certification with respect to her absences from work beginning in September 2009? If so, state the date(s) upon which such a request was made, the method via which the request was communicated to Plaintiff (written, oral, etc.), and identify the individual(s) who communicated the request to Plaintiff.

**ANSWER:** This interrogatory is vague and unclear as to what "additional" means. Nevertheless, yes, KIK did request Plaintiff to provide additional medical documentation with respect to her absences from work in September 2009 because the documentation she initially provided was inadequate. Linda Rayburn and Theresa Cassem had discussions with Plaintiff regarding the need to provide appropriate medical documentation. The additional information sought by this interrogatory may be determined by examining the initial and subsequent medical documentation provided by Plaintiff, which is contained in Appendix C to KIK's document

production, and Ms. Rayburn's and Ms. Cassem's notes of their conversations with Plaintiff, which are contained in Appendix A to KIK's document production.

**INTERROGATORY NO. 14:** State with particularity, including any and all supporting facts, why Defendant did not treat the [sic] all of Plaintiff's absences from work in September 2009 as FMLA qualifying leaves.

**ANSWER:** Defendant did not treat all of Plaintiff's absences from work in September 2009 as FMLA qualifying leaves because Plaintiff did not request FMLA leave for any of her absences from work in September 2009, and because Plaintiff's absences were not caused by a "serious health condition" under the FMLA. Nevertheless, Defendant excused Plaintiff's absences on September 11, 17, 18 and 19, 2011 based on the medical documentation she ultimately provided.

**INTERROGATORY NO. 15:** Identify the name and job title of each and every individual who made an/or was consulted in the decision to terminate Plaintiff's employment and identify the role each individual played therein.

**ANSWER:** Theresa Cassem, Human Resources Generalist, made the decision to terminate Plaintiff's employment in consultation with Ronald Howe, Human Resources Manager.

**INTERROGATORY NO. 16:** State the following information regarding Plaintiff:

- a) Dates of employment with Defendant;
- b) The number of hours of FMLA leave utilized by Plaintiff during each month in 2008 and 2009;
- c) The job titles of all positions held by Plaintiff during her employment with Defendant and the dates each position was held;
- d) The salary and/or wages paid to Plaintiff for each position held;
- e) The date of all wage/salary increases, the amount of each wage/salary increase, and the reason for each wage/salary increase;
- f) A description of all employment benefits Plaintiff received while employed by Defendant including, but not limited to, medical insurance, dental insurance, life insurance, retirement funds, bonuses, ability to receive overtime pay, fringe benefits, vehicle allowances, travel allowances, expense accounts, use of company credit cards, stipends, and/or per diems; and

7

g) For all employment benefits described in the preceding subpart (f), state the monthly monetary value of this benefit to the employee including the monthly premium paid by Defendant and the monthly cost, if any, paid by the employee.

**ANSWER:** Plaintiff did not request FMLA leave in 2008 or 2009, so she did not utilize any hours of FMLA leave. The remaining information sought by this interrogatory may be determined by examining the personnel and compensation documents contained in Appendix B to KIK's document production.

Dated: September 22, 2011

Respectfully submitted,

_____
Brian E. Spang
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601-1818
Telephone: (312) 750-3532
Facsimile: (312) 849-3690
E-Mail: bspang@mcguirewoods.com

## **VERIFICATION**

I, Theresa Cassem, do affirm by oath that I have read *Defendant's Answers to Plaintiff's First Set of Interrogatories*, and declare under penalty of perjury that the factual information contained in those answers is true and correct to the best of my knowledge, information and belief based upon such information as is presently available.

_September 22, 2011_
Date

_Theresa M Cassem_
Theresa Cassem

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of September, 2011, I served the foregoing via overnight delivery on the following attorneys of record:

>Andrew G. Jones
>Gibbons Jones, P.C.
>Two Meridian Plaza
>10401 North Meridian Street, Suite 130
>Indianapolis, IN 46290
>ajones@gibbonsjones.com

_____
Brian E. Spang
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Phone: (312) 750-3532
Fax: (312) 849-3690
**bspang@mcguirewoods.com**

\32871942.1